**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IRIS HRONN HLYNSDOTTIR,<br>　　　　　　Plaintiff, | : | |
| | : | |
| | : | |
| 　　v. | : | Civil No.:  5:25-cv-05498-JMG |
| | : | |
| JASON W RUDOLPH, M.D., *et al.*<br>　　　　　　Defendants. | : | |
| | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                       **February 11, 2026**

## I.　　OVERVIEW

Plaintiff Iris Hronn Hlynsdottir brings this medical malpractice action against Jason W. Rudolph, M.D. ("Dr. Rudolph"), Lehigh Valley Health Network, Inc. ("LVHN"), and Lehigh Valley Physician Group ("LVPG") (collectively, the "Defendants"), alleging that Defendants were negligent in performing surgery on her ankle. *See generally* Compl. (ECF No. 1). Defendants move to strike Paragraphs 5, 7, and 51 of the Complaint, and move to dismiss the corporate negligence claim. For the reasons that follow, Defendants' motion to strike is **DENIED** and motion to dismiss is **GRANTED**.

## II.　　BACKGROUND[1]

Plaintiff, an Icelandic national who currently resides in South Carolina on a student visa, was recruited to play soccer for East Stroudsburg University. *See* Compl. ¶¶ 1, 11 (ECF No. 1). In April 2023, Plaintiff injured her right ankle while playing soccer in Iceland. *See id.* ¶ 12. On August

---

[1] The Court accepts Plaintiff's factual allegations as true, as we must at this early stage.

31, 2023, shortly after arriving in Pennsylvania, Plaintiff saw Dr. Rudolph, an orthopedic surgeon and sports medicine specialist.[2] *See id.* ¶ 14-17. He ordered magnetic resonance imaging ("MRI") and discussed the potential need for surgery. *See id.* ¶ 17. Plaintiff had the MRI on September 12, 2023, which revealed a tear of the anterior talofibular ligament. *See id.* ¶ 18. Dr. Rudolph performed surgery on September 29, 2023 at LVHN.[3] *See id.* ¶ 19. When Plaintiff saw Dr. Rudolph on November 15, 2023, he referred her to physical therapy.[4] *See id.* ¶¶ 19-20. Plaintiff attended at least eight physical therapy sessions at LVHN between mid-November 2023 and mid-December 2023. *See id.* ¶ 21. Her ankle pain did not resolve. *See id.* ¶ 22. After the fall 2023 semester ended, Plaintiff quit the soccer team, withdrew from school, and returned to Iceland. *See id.* ¶ 23.

Plaintiff continued to receive physical therapy in Iceland, but she continued to have ankle instability, stiffness, and loss of strength. *See id.* ¶¶ 24-25. Subsequent CT and MRI scans showed a tear of the anterior talofibular ligament and a loose body in the posterior aspect of the subtalar joint. *See id.* ¶ 26. That prompted a second surgery on January 14, 2025, which revealed that Dr. Rudolph misplaced the anchor in the subtalar joint and damaged the cartilage of the talus. *See id.* ¶¶ 27-29. Plaintiff contends her injury has ended her ability to play competitive soccer and caused her to miss one year of college. *See id.* ¶¶ 31-32.

Plaintiff brings this lawsuit against Dr. Rudolph, LVHN, and LVPG, alleging negligence as to all Defendants (Counts II-IV) and corporate negligence as to LVHN and LVPG (Count V). Defendants move for a more definite statement or strike Paragraphs 5, 7, and 51 of the Complaint

---

[2] It is unclear where Plaintiff first saw Dr. Rudolph.

[3] The Complaint does not identify the LVHN facility where Dr. Rudolph performed Plaintiff's surgery.

[4] Again, it is unclear where Plaintiff saw Dr. Rudolph, as well as where he referred her to therapy.

and move to dismiss the corporate negligence claim. *See generally* Br. in Supp. Mot. of Defs.' To Partially Dismiss Pl.'s Compl. (ECF No. 15).

## III.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Wheeler v. Wheeler*, 639 F. App'x 147, 149 (3d Cir. 2016) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)).

## IV.    ANALYSIS

### a.  Motion for More Definite Statement or Strike

Defendants move for a more definite statement with respect to Paragraphs 5, 7, and 51 of the Complaint. *See* Br. in Supp. Mot. of Defs.' To Partially Dismiss Pl.'s Compl., at 3 (ECF No. 15). The Parties have since filed a stipulation with the Court, agreeing to partially resolve the Motion for Partial Dismissal. *See* Stipulation Among Counsel as to Pl.'s Compl., at 2 (ECF No. 16). The Parties agree that Paragraphs 5, 7, and 51 "are limited to only those individuals involved in Plaintiff's care on September 29, 2023"; "Plaintiff will specifically identify any and all alleged

negligent agents, ostensible agents, servants and/or employees of Defendants, Lehigh Valley Health Network, Inc. and Lehigh Valley Physician Group, by the close of fact discovery in this matter"; and "any liability reports shall encompass inclusion of all said allegations of agency and vicarious liability and the identity of any and all alleged agents, ostensible agents, servants and/or employees of these Defendants." *Id.* at 1. Accordingly, Defendants' Motion for More Definite Statement or Strike is **DENIED** as moot.

### b. Motion to Dismiss

Plaintiff brings a corporate negligence claim against Defendants Lehigh Valley Physician Group ("LVPG") and Lehigh Valley Health Network, Inc. ("LVHN"). The Pennsylvania Supreme Court first recognized that a hospital could be directly liable to its patients under the theory of corporate negligence in *Thompson v. Nason Hospital* 591 A.2d 703 (Pa. 1991). *See Scampone v. Highland Park Care Ctr., LLC*, 57 A.3d 582, 600 (Pa. 2012). The *Thompson* Court recognized that hospitals have a non-delegable duty to its patients "to ensure 'the patient's safety and well-being' while at the hospital." *Id.* at 604 (quoting *Thompson*, 591 A.2d at 707). The *Thompson* Court explained that "a hospital operating primarily on a fee-for-service basis can be held liable if it breaches the non-delegable duty of care owed directly to the patient." *See id.* at 601 (citing *Thompson*, 591 A.2d at 707). A hospital's duties can be classified into four general areas: "(1) duties to use reasonable care in the maintenance of safe and adequate facilities and equipment; (2) duties to select and retain competent physicians; (3) duties to oversee all persons who practice medicine within the hospital's walls; and (4) duties to formulate, adopt, and enforce adequate rules and policies to ensure quality patient care." *Id.* (citing *Thompson*, 591 A.2d at 707). After *Thompson* but before *Scampone*, courts have extended corporate negligence to health maintenance organizations ("HMO") and professional medical corporations. *See id.* at 603-04 (Pa. 2012) (citing *Shannon v. McNulty*, 718 A.2d 828, 836 (Pa. Super. Ct. 1998) (HMOs); *Hyrcza v. W. Penn*

*Allegheny Health Sys., Inc.*, 978 A.2d 961, 983 (Pa. Super. Ct. 2009) (professional medical corporations)).

Defendants move to dismiss the corporate negligence claim, arguing that Plaintiff did not establish that LVPG or LVHN can be sued under this theory. *See* Br. in Supp. Mot. of Defs.' To Partially Dismiss Pl.'s Compl., at 5 (ECF No. 15). Defendants claim that Plaintiff failed to plead the most basic element of a corporate negligence claim: that LVHN and LVPG are comprehensive health centers. *Id.* at 7. Further, Defendants assert that Plaintiff cannot maintain a corporate negligence claim against LVPG, a physician group, because Pennsylvania courts have not extended corporate negligence to physician groups. *Id.* at 6-7. Defendants also argue that Plaintiff's claim against LVHN fails because it is a fictitious name that no longer exists, and it was previously only a parent company. *Id.* at 7.

But corporate negligence is not as narrow as Defendants propose. Indeed, the *Scampone* Court criticized the approach that Defendants are now asking this Court to take. The *Scampone* Court explicitly stated that focusing on whether an entity providing medical care "had assumed the role of a comprehensive health center responsible for arranging and coordinating the total healthcare of its patients. . . . ***makes too much of the facts in Thompson*** and is of limited use in developing a principled analysis of relevant considerations." *Scampone*, 57 A.3d at 605 (emphasis added). The *Scampone* Court further explained that the "hospital's role and its for-profit status . . . were not the critical concerns of the *Thompson* Court in articulating the defendant's duties of care." *Id.* Rather, "[t]he proper inquiry is instead broader, under both *Thompson* and general, settled principles governing the legal recognition of a duty of care." *Id.*; *see also Ezrin v. Hospice Preferred Choice, Inc.*, No. 16 CV 7103, 2017 WL 11657241, at \*2, \*4 (Pa. Com. Pl. Sept. 5, 2017) (concluding plaintiff sufficiently pled a corporate negligence claim where he alleged the

assisted living facility failed to adequately supervise agents and "neglected to implement and enforce appropriate procedures").

The Pennsylvania Supreme Court has not held, as a matter of law, that corporate negligence does not apply to physician groups. Instead, the *Scampone* Court instructs that this Court should consider whether Plaintiff has "offered sufficient evidence of the relationship with" each Defendant "to establish that duties of care exist, by application" of the Restatement (Second) of Torts § 323[5] or the factors set forth in *Althaus ex rel. Althaus v. Cohen*, 756 A.2d 1166, 1169 (Pa. 2000).[6] *See Scampone*, 57 A.3d at 607. Accordingly, this Court declines to find that Plaintiff cannot pursue a corporate negligence claim against Defendants LVHN and LVPG as a matter of law.[7]

---

[5] Section 323 of the Restatement (Second) of Torts states:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
>
> (a) his failure to exercise such care increases the risk of such harm, or
>
> (b) the harm is suffered because of the other's reliance upon the undertaking.

RESTATEMENT (2D) OF TORTS § 323 (1965).

[6] "The determination of whether a duty exists in a particular case involves the weighing of several discrete factors which include: (1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution." *Althaus ex rel. Althaus v. Cohen*, 756 A.2d 1166, 1169 (Pa. 2000).

[7] Defendants did not point to any legal authority when arguing that the Court should dismiss LVHN. *See* Br. in Supp. Mot. of Defs.' To Partially Dismiss Pl.'s Compl., at 6-7 (ECF No. 15). Further, Defendants relied on LVHN not being a "comprehensive health center." For the reasons

6

Nonetheless, the Court dismisses Count V of the Complaint, without prejudice. Though Plaintiff sets forth the duties articulated by the *Thompson* Court, this Court does not know what specific duty LVHN and LVPG each breached, how they each breached the duty, how that breach proximately caused Plaintiff harm, or what damages ensued. Instead, Plaintiff's allegations in Paragraphs 52 and 53 of the Complaint are conclusory and unsupported by facts. *See Connelly*, 809 F.3d at 786 (citing *Twombly*, 550 U.S. at 555). That may, perhaps, be due to Plaintiff's apparent misunderstanding of the appropriate motion to dismiss standard in a federal district court.[8] Should Plaintiff file an amended complaint, re-alleging a claim of corporate negligence, Plaintiff must plead "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Pleading the elements of a corporate negligence claim alone will not suffice.

V.    **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 15) is **GRANTED**. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*

---

discussed above, LVHN not being a comprehensive health center is not outcome determinative. *See Scampone v. Highland Park Care Ctr., LLC*, 57 A.3d 582, 607 (Pa. 2012).

[8] The plausibility standard has been a fixture in motions to dismiss for close to twenty years now. Yet, for some reason, **both** parties cited the standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."). In no uncertain terms, the Supreme Court explained that *Conley*'s "no set of facts" language has "earned its retirement" and "is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 562-63; *see also Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 176-77 (3d Cir. 2010) (summarizing outcome of *Twombly* and *Iqbal*).

JOHN M. GALLAGHER
United States District Court Judge